# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL HAAKENSON, )<br>Guardian Ad Litem to A.H., minor and )<br>heir-at-law of Kristen J. Shockley, )<br>and )<br>LISA M. SHULTZ, )<br>Guardian Ad Litem to A.T., minor and )<br>heir-at-law of Kristen J. Shockley, )<br>)<br>      Plaintiffs, )<br>)<br>vs. )<br>)<br>WILLIAM W. POPEJOY, )<br>)<br>      Defendant. ) | Case No. 12-2651-EFM-DJW |

## MEMORANDUM AND ORDER

Before the Court is plaintiffs' Motion for Consolidation (Doc. 13) for all purposes the above-captioned case ("*Haakenson*") with *Tara Thurler, as Special Administrator for the Estate of Kristen J. Shockley, deceased, Mel Gregory, as Guardian Ad Litem for A.T., a minor, and Jennifer Stultz, as Guardian Ad Litem for A.H., a minor v. William Popejoy ("Thurler")*, Case No. 13-01073-JAR-JPO. Defendant consents to the consolidation and filed a Motion to Consolidate the cases in *Thurler* (No. 13-01073-JAR-JPO, Doc. 7). The Court grants plaintiffs' motion for the reasons stated below.

Federal Rule of Civil Procedure 42(a) allows a court to consolidate "any or all the matters in issue in the actions" if the actions involve a "common question of law or fact." The decision to consolidate such actions is left to the district court's discretion.[1] "In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by

---
[1] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1345-46 (D. Kan. 2008) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

consolidation. The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[2]

The Court finds that both cases involve common questions of fact and law. First, both actions arise from the death of Kristen J. Shockley on April 2, 2012. Mr. Shockley died as a result of physical injuries sustained in a motor vehicle collision in Kansas City, Kansas. Second, both actions involve the same parties, Mr. Shockley's minor children, who are his heirs and the real parties in interest,[3] and defendant. Third, both actions allege claims for wrongful death, and both actions will involve similar discovery and witnesses. The fact that the *Thurler* Petition alleges a survival claim and the *Haakenson* First Amended Complaint alleges there is "no evidence of conscious pain and suffering to support a survival claim" is not sufficient reason to deny consolidation (Doc. 4, ¶ 14). If, as here, "two cases arise from the same operative facts and substantially the same witnesses will testify in both cases, consolidation is particularly appropriate. The fact that one suit involves a claim for damages not involved in the other suit does not preclude consolidation."[4] The Court is persuaded that consolidation of the two actions will serve the policy of judicial efficiency and eliminate unnecessary duplication of time, resources, and efforts by the Court, the parties, and counsel.

The *Haakenson* case was filed on October 5, 2012 at Kansas City, Kansas, and Defendant was served on December 11, 2012. The *Thurler* case was filed on December 20, 2012 in Sedgwick County, Kansas District Court; Defendant was served on January 27, 2013; and the *Thurler* case was timely removed to federal court on February 13, 2013. Because the *Haakenson* action was commenced first and the motor vehicle accident occurred in Kansas City, plaintiffs

---

[2] *Id.* (internal citations omitted).
[3] *See Lane v. United States*, No. 90-4228-S, 90-4229-S, 1991 WL 105204, at *1 (D. Kan. May 28, 1991) (Even if the parties differed, "actions by different parties arising out of the same tort, particularly in cases of automobile accidents, are frequently ordered consolidated.").
[4] *Fields v. Atchison, Topeka and Santa Fe Ry.*, No. 95-4026-DES, 95-4027-DES, at *2 (D. Kan. Feb. 7, 1996) (internal citations omitted).

request that the *Thurler* case be consolidated with the instant case and all further proceedings conducted in Kansas City, Kansas. Defendant has no objection.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Consolidate with case 13-1073 is GRANTED and case 12-2651 Haakenson v Popejoy is deemed the lead case.

**IT IS FURTHER ORDERED** that a status conference is set for March 25, 2013 at 2:30 p.m. in Judge's Chambers, Room 414, Wichita, Kansas Federal Courthouse.

**IT IS SO ORDERED.**

Dated this 12th day of March, 2013.

ERIC C. MELGREN
UNITED STATES DISTRICT JUDGE